WILLIAM B. M. BURRELL

*v.*

MELBOURNE F. MIDDLETON and EMILY M. MIDDLETON.

[Submitted February 13th, 1907.   Decided February 15th, 1907.]

1. A court of equity will not assume jurisdiction to try a controverted legal title to an easement of way, but when the substantive right which complainant seeks to enforce or protect consists of an equitable estate in lands, a court of equity has primary jurisdiction.

2. If A, for a valuable consideration, agrees to bestow upon B a right of passage over land of A, such agreement operates to vest in B an equitable estate in the land of A co-extensive with the terms of the agreement, and it is within the exclusive jurisdiction of a court of equity to enforce the execution of the agreement by decree of specific performance, and to protect B against the violation of the agreement until the agreement shall have been executed by the delivery of the necessary assurances of legal title.

3. The statute of frauds will not operate as a bar to the enforcement of a parol agreement for the sale of an interest in land if the agreement has been in part performed in such manner as to render it a fraud upon the vendee to permit the vendor to avail himself of the statute to avoid his agreement, but such parol agreements are not favored, and must be clearly proved.

4. Preliminary injunction refused because the rights of complainant were not clear.

On bill for injunction and relief.

The bill seeks to enjoin defendants from interfering with the use by complainant of the rear portion of defendants' lots. The use sought by complainant is the right to pass over the rear portion of defendants' lots with teams in order that complainant may have access to and from the rear of his own lot. The three lots in question are adjacent, one is owned by complainant, one by defendant Melbourne F. Middleton and the other by defendant Emily M. Middleton, the wife of Melbourne. To pass from the rear of complainant's lots to Markley place, it is necessary to cross the rear of the two lots owned, as stated, by defendants.

The right claimed by complainant is based upon a parol agreement, alleged to have been made by defendants with complainant when complainant purchased his lot. Complainant alleges that he purchased his lot of defendant Melbourne F. Middleton, believing that it, and the two adjacent lots now in controversy were owned by the wife of Melbourne, and alleges that both Melbourne and his wife agreed, at the time the sale was consummated in June, 1895, that if complainant would pay the price asked for the lot, they, defendants, would afford complainant a passageway across the rear of the two lots owned by them to enable complainant to conduct his business as undertaker on the rear of the lot he was purchasing. Complainant alleges that the privilege of passage across defendants' lots was one of the inducements of his purchase, and that, without that privilege, he would not have purchased at the price by him paid or at all. Complainant alleges that when title was made to him he ascertained that the lot he was purchasing was owned by Harriet M. King, a sister of Mrs. Middleton, and title was then taken from her, but that the agreement touching the passageway across the rear of defendants' lots was not embodied in the deed because, and only because, the grantor had no interest in the lots over which the way was to cross. Complainant has exercised the right claimed by him to cross the rear of defendants' lots from the year 1895 until shortly prior to the filing of the bill, at which time defendants denied to complainant the right. Complainant has made valuable improvements in connection with his business on the rear of his lot in reliance upon his right to cross defendants' lots. Defendants answer and deny having made the agreement claimed by complainant. Defendant Melbourne F. Middleton avers that he had no interest in the sale, but was making it for his wife's sister, and that no agreement touching a right of way entered into the consideration of the sale or purchase. Defendant Emily M. Middleton denies ever having made any agreement touching a way and denies ever having authorized her husband to do so for her. Defendant Melbourne states that at the time of the sale he stated to complainant's father that if complainant purchased the King lot defendants would have no serious objection to his crossing the back portion of the lots of defendants as long as defendants

owned and occupied them. This statement or promise upon the part of defendant Melbourne is claimed by defendants to have been wholly voluntary upon his part and to have in no way entered into the terms or consideration of the sale.

The present application is for a preliminary injunction and has been heard on bill, answer and affidavits.

*Mr. Edward A. Armstrong,* for the complainant.

*Mr. John W. Wescott,* for the defendants.

LEAMING, V. C.

This court will not assume jurisdiction to try a controverted legal title to an easement of way. *Todd* v. *Staats, 60 N. J. Eq. (15 Dick.) 507.* But where the substantive right which complainant seeks to enforce or protect consists of an equitable estate in lands, this court has primary jurisdiction. The right which complainant here seeks to enforce is of the nature last stated. If defendants, for a valuable consideration, agreed to bestow upon complainant a right of passage over the land of defendants, that agreement operated to vest in complainant an equitable estate in the land of defendants co-extensive with the terms of the agreement, and it is within the exclusive jurisdiction of this court to enforce the execution of the agreement by decree of specific performance, and to protect complainant against the violation of the agreement until the agreement shall have been executed by the delivery of the necessary assurances of legal title. The statute of frauds will not operate as a bar to the enforcement of the parol agreement if the agreement has been in part performed in such manner as to render it a fraud upon the vendee to permit the vendor to avail himself of the statute to avoid his agreement. But such parol agreements are not favored and must be clearly proved. *Vreeland* v. *Vreeland, 53 N. J. Eq. (8 Dick.) 387.* I am unable, in view of the denials contained in the answer and the scope of the affidavits filed by the defendants, to regard the rights of complainant as established with that clearness which is necessary to warrant the issuance of a preliminary injunction. It may also be observed that a denial of the preliminary writ will

not, in this case, occasion irreparable injury to complainant. Should defendants hereafter deny to complainant the use of the way and complainant's right be established at final hearing, such damages as complainant may suffer in the interim may be easily measured and recovered at law.

The order to show cause will be discharged, with costs.